IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY R. WINFIELD, | ) |
| | ) Civil Action No. 11 - 584 |
| Plaintiff, | ) |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | ) |
| JOSEPH F. MAZURKIEWICZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is a Motion for Summary Judgment filed by Defendants on December 1, 2011. (ECF No. 29.) Defendants also filed a Brief in Support thereof (ECF No. 31) and a Concise Statement of Material Facts (ECF No. 30). In response, Plaintiff filed a Response to the Motion for Summary Judgment (ECF No. 36) and a Response to the Concise Statement of Material Facts (ECF No. 38). Defendants claim that because Plaintiff did not cite to any evidence of record in his Response to their Concise Statement of Material Facts in violation of Local Rule 56, all factual averments contained in their Concise Statement should be deemed admitted for purposes of their Motion for Summary Judgment. (ECF No. 38 at ¶ 5.) They further point out that Plaintiff's response to their Motion for Summary Judgment does not contain any legal reasoning or factual argument at all, also in violation of Local Rule 56. (ECF No. 38 at ¶ 4.)

Federal Rule of Civil Procedure 56 states in pertinent part

(c) **Procedures**

(1) **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) **Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) **Material Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

(4) **Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

The Federal Rules of Civil Procedure further provide that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and support materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e).

Local Rule 56 states in pertinent part:

**C. Opposition Requirements**. Within 30 days of service of the motion for summary judgment, the opposing party shall file:

1. **A Responsive Concise Statement**: A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:

>(a) admitting or denying whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material;

>(b) setting forth the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material), with appropriate reference to the record (See LCvR 56.B.1[1] for instructions regarding format and annotation); and

>(c) setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the court to determine the motion for summary judgment;

2. **Memorandum in Opposition**: The memorandum of law in opposition to the motion for summary judgment must address applicable law and explain why there are genuine issues of material fact to be tried and/or why the moving party is not entitled to judgment as a matter of law; and

3. **Appendix**: Documents referenced in the Responsive Concise Statement shall be included in an appendix. (See LCVR 56.B.3[2] for instructions regarding the appendix).

Moreover, pursuant to Local Rule 56.E, alleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise

---

1. The pertinent portion of LCVR 56.B.1 reads: "A party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact."

2. LCVR 56.B.3 reads as follows:

>3. Appendix. Documents referenced in the Concise Statement shall be included in an appendix. Such documents need not be filed in their entirety. Instead, the filing party may extract and highlight the relevant portions of each referenced document. Photocopies of extracted pages, with appropriate identification and highlighting, will be adequate.

Statement, which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party. *See* Enigh v. Miller, Civil No. 08-1726, 2010 WL 2926213 (W.D. Pa. July 23, 2010) (collecting cases).

Because Plaintiff is proceeding *pro se* in this matter, the Court feels that it necessary to give Plaintiff the opportunity to address the deficiencies noted by Defendants by filing a responsive concise statement of material facts and memorandum in opposition to summary judgment in compliance with the Federal Rules of Civil Procedure and Local Rule 56. However, because Defendants filed their Motion for Summary Judgment in December 2011, and the Motion has been pending for more than eight months, Plaintiff will only be given until **September 4, 2012**, by which to file a responsive concise statement and memorandum in compliance with the Rules.

Plaintiff should also be aware that summary judgment is appropriate where the moving party shows "there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Therefore, Plaintiff is advised that to avoid summary judgment, he cannot rest solely on the allegations in his complaint. He is required to "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). A plaintiff must point to concrete evidence in the record that supports each and every essential element of his case. Id. at 322. Thus, the mere fact that Plaintiff's allegations, if true, state a claim is an insufficient basis for this Court to deny Defendants' Motion for Summary Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file a responsive concise statement and memorandum in opposition to Defendants' Motion for Summary Judgment in compliance with the Federal Rules of Civil Procedure and Local Rule 56 no later than **September 4, 2012**. **No extensions will be granted**. Plaintiff is advised that Defendants' Concise Statement of Material Facts will be considered undisputed if he fails to comply with this Order within the time specified herein.

Dated: August 21, 2012

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Anthony R. Winfield
GX6771
2237 Bryn Manor
Apt. 209
Philadelphia, PA  19131

*Via U.S. Mail*